**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-30128
Summary Calendar

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEPHEN BUI,

        Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
No. 2:04-CR-00121

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    A jury convicted Stephen Bui of conspiracy to possess methylenedioxymethamphetamine (ecstacy) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On appeal, Bui challenges the firearm conviction on sufficiency of the evidence and prosecutorial misconduct grounds. We affirm.

**I**

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 13, 2004, Bui and Marvin Romero were arrested when they attempted to sell ecstacy to Agent Ricky Jackson, an undercover police officer on assignment with the Drug Enforcement Administration's (DEA) narcotics task force. A DEA confidential source arranged the purchase of 1,000 tablets of ecstacy from Romero for $9,000. Romero met with the source and Agent Jackson in a mall parking lot and led them to Bui, who was sitting in the driver's seat of a parked vehicle nearby. They all got into the vehicle with Bui, and Bui showed Agent Jackson a bag of ecstacy tablets. Agent Jackson signaled surveillance agents to move in and arrest Bui and Romero. After the agents apprehended Bui and Romero, they searched the vehicle and found a loaded Glock, 9mm semi-automatic firearm under the driver's seat and a loaded magazine clip and a bag of ecstacy pills in the center console of the vehicle.

## II

Bui first challenges the sufficiency of the evidence supporting his conviction of possessing a firearm in furtherance of a drug trafficking crime. We will sustain the jury verdict if "the evidence, as viewed in the light most favorable to the verdict, would permit a rational trier of fact to find [the defendant] guilty beyond a reasonable doubt."[1] In this review, "we draw 'all reasonable inferences in support of the verdict.'"[2] We conclude, after a complete review of the record, that there was sufficient evidence to support the jury

[1]*United States v. Guerrero*, 169 F.3d 933, 939 (5th Cir. 1999) (quoting *United States v. Pankhurst*, 118 F.3d 345, 352 (5th Cir. 1997)).

[2]*Id.* (quoting *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994)).

2

verdict. Bui, therefore, is not entitled to a judgment of acquittal.

### III

Bui next contends that the prosecutor engaged in misconduct by asking an improper cross-examination question. During the trial, Agent Eric Davis and Agent Blaine Donovan testified that after Bui's arrest, Bui told them that he bought the firearm at a gun show. Bui, however, testified that he had never owned, possessed, or purchased a gun. On cross-examination, the prosecutor asked Bui, "Are you saying that Officer Eric Davis got on the stand, under oath, and risked his entire career to lie about that statement, too?" Defense counsel objected to this question as an improper attempt to bolster Officer Davis's credibility, but the district court overruled this objection. Bui then answered the prosecutor's question, "Like I said, I know that I didn't say that."

We review a district court's ruling on allegations of prosecutorial misconduct for abuse of discretion.[3] This review involves two steps: (1) we must first decide whether the prosecutor made an improper remark and (2) if an improper remark was made, we must determine whether the remark affected the substantial rights of the defendant.[4] Even assuming that the prosecutor's question was improper, we conclude that it did not affect Bui's substantive rights. In determining whether the prosecutor's question affected Bui's substantive rights, "we assess '(1) the magnitude of the statement's prejudice, (2) the effect

---

[3]*United States v. Williams*, 343 F.3d 423, 434 (5th Cir. 2003).

[4]*United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999).

of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt.'"[5]

First, the magnitude of the question's prejudicial effect was small when we look at the context in which it was made.[6] Bui objected to one question in the middle of the Government's cross-examination of him. After that question, the prosecutor did not ask Bui any other questions about Agent Davis's testimony, and the prosecutor moved on to other topics. Also, the district court instructed the prosecutor not to "get into that area on closing argument." The objectionable remark, therefore, consisted of a single cross-examination question in a two-day trial with numerous witnesses and pieces of evidence. We cannot say that the prosecutor's question overshadowed the other evidence and unduly prejudiced Bui's case.

Second, the district court helped mitigate any prejudicial effect by properly instructing the jury to base its decision only on the testimony and exhibits presented at trial. The district court also instructed the jury that "any statements, objections, or arguments made by the lawyers are not evidence." We presume that the jury followed these instructions.[7]

---

[5]*United States v. Munoz*, 150 F.3d 401, 415 (5th Cir. 1998) (quoting *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995)).

[6]*See United States v. Fields*, 72 F.3d 1200, 1207 (5th Cir. 1996) ("The magnitude of the prejudicial effect is tested by looking at the prosecutor's remarks in the context of the trial in which they were made and attempting to elucidate their intended effect.").

[7]*See United States v. Wyly*, 193 F.3d 289, 299 (5th Cir. 1999) ("'We presume that the jury follows the instructions of the trial court unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect [of the prosecutorial misconduct] is devastating.'" (brackets in original) (quoting *Tomblin*, 46 F.3d at 1390)).

4

"Moreover, the instruction immediately preceded the jury's deliberations, whereas the improper questioning occurred earlier in the trial."[8]

Third, "the evidence of guilt was overwhelming."[9] Agent Brandon Mouriz testified that he found a loaded firearm under Bui's seat and a loaded magazine clip in the center console about three or four inches from the bag of ecstacy tablets that Bui showed to the undercover agent. Agent Rogers testified that Bui made a move for the firearm as agents approached the vehicle. Agent Davis and Agent Donovan both testified that Bui admitted that the gun was his. Also, Romero testified that prior to the drug deal, Bui showed him the gun and said, "I got your back." All three factors lead us to conclude that the prosecutor's question did not affect Bui's substantial rights and is thus not reversible error.

* * * * *

For the foregoing reasons, we AFFIRM Bui's conviction of possessing a firearm in furtherance of a drug trafficking crime.

---

[8]*Williams*, 343 F.3d at 438.

[9]*Wyly*, 193 F.3d at 300.